IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIAN ESTEVEZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and TYSON FRESH MEATS, INC.,<br><br>Defendants. | 8:21CV405<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on Motions to Dismiss filed by Unum Life Insurance Company of America's ("Unum") (Filing No. 9) and Tyson Fresh Meats, Inc.'s ("Tyson" and collectively, "defendants") (Filing No. 11). Defendants argue that plaintiff Julian Estevez-Martinez's ("Estevez-Martinez") Complaint (Filing No. 1-1) should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because his alleged state-law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. For the reasons stated below, defendants' motions are granted.

I. BACKGROUND

Estevez-Martinez signed up for long-term-disability benefits offered by his employer, Tyson. Tyson's long-term-disability policy was insured by Unum. Estevez-Martinez began receiving long-term-disability benefits from Unum in 2020. At the same time, Estevez-Martinez pursued a worker's-compensation claim from Tyson due to wrist and shoulder injuries. For his worker's-compensation claim, Estevez-Martinez received $8,773.44 and vocational rehabilitation benefits. Unum then reduced the amount of Estevez-Martinez's long-term-disability benefits by $8,773.44, the amount he was awarded in his worker's-compensation claim. Estevez-Martinez believes that if he were to

participate in a vocation-training program, Unum would further reduce his long-term disability benefits.

On September 9, 2021, Estevez-Martinez filed a complaint in the District Court of Dawson County, Nebraska. On October 12, 2021, defendants removed the action to this Court, asserting this Court has original jurisdiction because the actions Estevez-Martinez described in his complaint arise under ERISA, if anything. Estevez-Martinez did not argue against removal, nor does he challenge jurisdiction. He does, however, dispute the notion that his claims arise under ERISA.

II.  **DISCUSSION**
  A.  **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if supported by sufficient factual allegations to allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint that alleges facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

The Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015) (internal marks omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily

embraced by the pleadings." *Ashford v. Douglas County*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. ERISA Plan

Defendants argue all of Estevez-Martinez's state-law claims are preempted by ERISA because the long-term-disability policy at issue (the "Plan") (Filing No. 13-1) is an ERISA-governed plan. Tyson attached a copy of the Plan for the Court's review, asserting it is "necessarily embraced by the pleadings" because Estevez-Martinez refers to it in his complaint. Id. ERISA defines an "employee welfare benefit plan," in pertinent part, as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability." 29 U.S.C. § 1002(1). To determine the existence of an ERISA plan, the Court must "determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Harris v. Ark. Book Co.*, 794 F.2d 358, 360 (8th Cir. 1986). While no single action is determinative, an ERISA plan must embody a "set of administrative practices." *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 629 (8th Cir. 2001).

Tyson argues a reasonable person could determine the intended benefits, participants, and beneficiaries; the source of financing; and the procedures for receiving those benefits based on the language in the Plan and summary attached to it. *See Harris*, 794 F.2d at 360. The Court agrees. Indeed, the summary of the Plan identifies itself as an ERISA plan, and the Plan is covered by formal plan documents and provides for comprehensive administrative procedures. *See Johnson*, 241 F.3d at 629.

### C. Estevez-Martinez's State-Law Claims are Preempted by ERISA

Estevez-Martinez asserts three claims against defendants: (1) they "breached their contract with the plaintiff by claiming subrogation against temporary total disability benefits that they were not entitled to be repaid," (2) the breach is a violation of the

3

Nebraska Wage Payment and Collection Act, *see* Neb. Rev. Stat. 48-1228 *et seq*., and (3) the "wrongful claims to repayment of plaintiff's long-term disability benefits constitute retaliation" for his assertion of a worker's-compensation claim "in contravention of the public policy of the state of Nebraska."

Estevez-Martinez argues his state-law claims are not preempted because they fall under the "so-called 'safe harbors' under ERISA." While true that "[c]ertain group or group-type insurance plans offered by an insurer to employees are explicitly exempted from ERISA," the Plan is not one of them. *Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 944 (8th Cir. 2014). To fall under the safe harbor provision, four elements must be present:

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). Estevez-Martinez asserts in his complaint that "Tyson partially funds long-term-disability benefits with UNUM for their employees with their funds." This admission directly contradicts the first element required to show the Plan falls within the safe-harbor provision. *See Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (explaining that statements made in pleadings are judicial admissions unless withdrawn or amended). Estevez-Martinez also fails to assert any facts to support elements three or four.

4

Defendants also note that "Estevez-Martinez appears to argue the [Plan] is a 'payroll practice' exempt from ERISA preemption under 29 C.F.R. § 2510.3-1(b)(2)." A "payroll practice" is the "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons." 29 C.F.R. § 2510.3-1(b)(2). Estevez-Martinez lacks any factual allegations or coherent argument to support such a position. In reality, his arguments tend to support the opposite, such as asserting that Tyson is not self-insured and that he received benefits from "Unum through Tyson."

### D. Leave to Amend

In his brief, Estevez-Martinez informally asks the Court for leave "to amend his complaint to properly allege that his claims are not barred by so called 'safe harbors' under ERISA." His request for leave to amend is denied. The Court does not routinely grant such informal requests that fail to comply with the local rules. *See* NECivR 15.1(a) ("A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."). And as discussed above, if Estevez-Martinez has a claim, it is arising out of ERISA, and any such amendments arguing otherwise would be futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (noting district courts may properly deny a party's motion to amend its complaint when such amendment . . . would be futile").

Accordingly,

IT IS ORDERED:
1. Unum Life Insurance Company of America's Motion to Dismiss (Filing No. 9) and Tyson Fresh Meats, Inc.'s Motion to Dismiss (Filing No. 11) are granted.
2. Plaintiff Julian Estevez-Martinez's Complaint (Filing No. 1-1) is dismissed without prejudice to filing an action arising under ERISA.
3. Estevez-Martinez's informal request to amend his complaint is denied.

4. A separate judgment will issue.

Dated this 11th day of February 2022.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge